

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the order of the Court.**

Signed October 18, 2005                    **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| ANNA MAE JAMES § | |
| § | |
| Debtor. § | CASE NO. 05-46095-DML-7 |
| § | |

**MEMORANDUM OPINION**

The issue before the court arose in the course of a hearing on Debtor's Motion to Excuse Debtor's Attendance at 341 Meeting (the "Motion"). During the hearing on the Motion, the court *sua sponte* raised the issue of whether or not Debtor's daughter had the authority to file the above-styled bankruptcy case on Debtor's behalf pursuant to a power of attorney, which was signed by Debtor and named her daughter as her attorney-in-fact.[1] The court now holds that the power of attorney signed by Debtor did give her daughter the authority to file on Debtor's behalf and, therefore, the case is proper.[2]

Debtor is of advanced age (she is just shy of her eighty-fifth birthday), and her ability to manage her personal and financial affairs has been severely diminished by

---

[1] The court notes that, were Debtor to be formally found incompetent, her representative could likely file a case on her behalf under F. R. BANKR. P. 1004.1. To the court's knowledge, Debtor has not been ruled incompetent.

[2] The court has jurisdiction over this case under 28 U.S.C. § 1334(a) and the authority to decide this matter pursuant to 28 U.S.C. § 157(b)(2)(A).

several medical conditions from which she is suffering. In 2004 Debtor suffered a subdural hematoma that has left her with permanent brain damage. Dr. Brett R. Ravkind, her treating physician, has stated in a letter that "[Debtor] is completely unable to make either Financial [sic] or Medical Decisions [sic] concerning her care or financial matters." *See* Debtor's Exhibit 1.

Because of Debtor's diminished capacity, her daughter has been handling Debtor's affairs as her attorney-in-fact pursuant to a power of attorney signed by Debtor.[3] The power of attorney signed by Debtor grants broad authority to her daughter to act on her behalf. The power of attorney authorizes Debtor's daughter to represent Debtor with regard to, *inter alia*, real estate transactions, tangible personal property transactions, banking transactions, claims and litigation, personal relationships and affairs. It also empowers her to make records, reports, and statements on Debtor's behalf. Additionally, the power of attorney contains a catch-all provision authorizing Debtor's daughter as attorney-in-fact to act for the Debtor in "all other matters."

Although not specifically allowed by F. R. BANKR. P. 9010, some courts have permitted a third party to sign and file a bankruptcy petition on behalf of a debtor pursuant to a power of attorney. *See* 1 COLLIER ON BANKRUPTCY ¶ 8.02[4][d][i] (15th ed. rev. 2005). Courts appear to be split as to the requisite indicia of authority that is needed in order for an attorney-in-fact to file a bankruptcy case on behalf of a debtor. *Compare, e.g., In re Brown*, 163 B.R. 596 (Bankr. N.D. Fla. 1993) (specific language required expressly authorizing the filing of bankruptcy plus exceptional circumstances before an attorney-in-fact may file) *and In re Raymond*, 12 B.R. 906 (Bankr. E.D. Va. 1981) (a

---

[3] Debtor's daughter has, for example, acted as representative payee with regard to Debtor's Social Security benefits.

general power of attorney is *not* sufficient to empower a wife to file on behalf of her husband) *with In re Ballard,* No. I-87-00718, 1987 Bankr. LEXIS 725 (Bankr. N.D. Cal. April 30, 1987) (a general power of attorney *is* sufficient to enable a wife to file on behalf of her husband) *and In re Hurt*, 234 B.R. 1 (Bankr. D. N.H. 1999) (an attorney-in-fact may file on behalf of a debtor where the power of attorney grants "broad authority" and specifically provides the authority to represent the debtor in legal actions and proceedings).

Based upon its examination of the issue, including the relevant caselaw, the court determines that while something more than a general power of attorney is required before an attorney-in-fact may commence a case on behalf of a debtor, specific language expressly authorizing the filing of a bankruptcy case on the debtor's behalf is not required. Powers of attorney must necessarily be drafted with an eye toward the future, and bankruptcy might not appear to be a possibility at the time of execution. A requirement of a specific reference to bankruptcy filing in the power of attorney could defeat a debtor's intent to have all of her affairs handled by her designated attorney-in-fact in the event of her incapacity. Such a requirement could cause the debtor's estate to be unnecessarily harmed by denying or delaying much-needed bankruptcy protection.

The court finds the approach taken by the Court in *In re Curtis*, 262 B.R. 619 (Bankr. D. Vt. 2001) to be instructive. Rather than looking for an explicit reference to the filing of a bankruptcy petition in the power of attorney, the Court in *Curtis* closely examined the nature of the specific powers conveyed to determine whether the attorney-in-fact had the authority to perform all of the duties required of a debtor in a bankruptcy case. For example, the court looked for language granting the authority to commence or

participate in litigation or legal proceedings or to make, deliver, or execute documents and other writings. *Id*. at 623-624. Since the commencement of a bankruptcy case is a legal action and requires the filing of schedules and the affirmation of the completeness of financial statements, an attorney-in-fact would clearly need such authority to successfully commence and complete a bankruptcy case. The Court in *Curtis*, having found no such authority in the power of attorney, dismissed the case. *Id*. at 625.

Unlike the power of attorney at issue in *Curtis*, the one executed by Debtor expressly authorizes her daughter as her attorney-in-fact to "act in [Debtor's] name, place and stead in any way which [Debtor herself] could do" with respect to, *inter alia*, "claims and litigation," "personal relationships and affairs," "records, reports and statements," as well as "all other matters." Debtor's daughter as attorney-in-fact has all the specifically enumerated authority she needs to fulfill her duties in the instant bankruptcy case. Additionally, the catch-all provision giving her authority to represent Debtor in "all other matters" demonstrates Debtor's intent to convey a broad authority to her daughter that would enable her to represent Debtor with respect to matters, such as the filing of a bankruptcy petition, that might not be specifically foreseeable at the time the power of attorney was executed.

In light of the foregoing, the court holds that Debtor's daughter Dorothy Amy James properly filed the above-referenced bankruptcy case on Debtor's behalf and that the case may proceed with Debtor's daughter acting on Debtor's behalf.